**Slip Op. 07-66**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
UNITED STATES,                          :
                                        :
     Plaintiff,                         :
                                        :  Court No. 02-00116
     v.                                 :
                                        :
FORD MOTOR COMPANY,                     :
                                        :
     Defendant.                         :
_____:


     Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (David A. Levitt and David S. Silverbrand); of counsel: Jeffrey E. Reim and Katherine Kramarich, United States Bureau of Customs and Border Protection, for the United States, Plaintiff.


     Grunfeld, Desiderio, Lebowitz, Silverman, & Klestadt, LLP (Steven P. Florsheim, Robert B. Silverman, David M. Murphy, and Frances P. Hadfield); of counsel: Paulsen K. Vandevert, Ford Motor Company, for Ford Motor Company, Defendant.


                                             Dated: May 7, 2007


**<u>ORDER</u>**

     This matter comes before the court pursuant to the August 30, 2006 decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in <u>United States v. Ford Motor Co.</u> ("<u>CAFC</u>

Decision"), 463 F.3d 1267 (Fed. Cir. 2006) affirming in part, reversing in part and remanding the judgment of this court in United States v. Ford Motor Co. ("Negligence Decision"), 29 CIT ___, 395 F. Supp. 2d 1190 (2005).

In Negligence Decision, this Court held Ford Motor Company ("Ford") liable for negligent misrepresentation of the value of import entries and, as such, imposed a penalty of $17,151,923.60 upon Ford. See Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1222. The maximum penalty for negligent violations of 19 U.S.C. § 1592(a), is the lesser of the domestic value of the merchandise or twice the loss of duties. See 19 U.S.C. § 1592(c)(3)(1988); 19 C.F.R. § 162.73(a)(3) (1992). This Court found that the actual loss of revenue ("LOR") to the United States ("Plaintiff" or "Government") was $8,575,961.80. See Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1221. In calculating the penalty imposed on Ford, this Court assessed the statutory maximum penalty for negligence pursuant to 19 U.S.C. § 1592(c)(3) by doubling the loss of duty amount. See Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1222.

The CAFC remanded in order to recalculate the penalty amount. See CAFC Decision, 463 F.3d at 1285-86. The CAFC stated that this Court erred in including "in its damage calculations tenders that did not violate § 1592." Id. at 1285. Specifically, the CAFC

stated that:

> I) The "lump-sum payment relating to the 1991 Capri reported on August 26, 1991, appears to have been disclosed to [the Bureau of Customs and Border Protection ("Customs")[1]] "within the period allowed by the Reconciliation Agreement, and therefore did not violate § 1485."
>
> II) "The same appears to be true for the payment relating to the 1993 Taurus SHO reported on November 18, 1992."
>
> III) This court "appears to have included in its calculations tenders that occurred outside the scope of the investigation - specifically, tenders relating to model years 1992 and 1993. Those tenders should have been excluded from the penalty calculation."
>
> IV) "[T]he penalty must be recalculated to reflect the absence of § 1484 liability . . .."

Id. at 1285-86.

## I.   1991 Capri

In April 1990, Ford began to purchase and import Capri vehicles from Ford of Australia. In connection with the importation of the Capri vehicles, Ford filed 23 entries between April 1990 through July 1991. On September 5, 1992, Ford complied with the summons issued at the June 1991 Meeting and provided Customs with the requested documents. Ford provided a copy of the

---

[1] The United States Customs Service was renamed the Bureau of Customs and Border Protection of the Department of Homeland Security, effective March 1, 2003. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 1502, 116 Stat. 2135 (2002); Reorganization Plan for the Department of Homeland Security, H.R. Doc. No. 108-32 (2003).

supply contract for the Capri vehicles, which indicated that transfer prices would be adjusted every six months to reflect increases or decreases in a market basket of similar vehicles. Ford made lump sum payments to Ford of Australia for the 1991 model year Capri vehicle, which were in addition to the payments reflected on the commercial invoices at the time of entry. Ford disclosed these lump sum payments, totaling $5,570,900, to Customs in a letter dated August 26, 1991 and tendered a check for $155,708 for duties and fees. See <u>Negligence Decision</u>, 29 CIT at ___, 395 F. Supp. 2d at 1199 (citation omitted).

## II. 1993 Taurus SHO

Ford informed Customs that there were $14,779,026 in prototype and development costs for the 3.2 liter SHO engine for the 1993 model year. In a letter dated November 18, 1992, Ford tendered $404,100 for duties associated with those design and development costs. See <u>Negligence Decision</u>, 29 CIT at ___, 395 F. Supp. 2d at 1201 (citation omitted).

## III. Post-1991 Model Year Tenders

During a telephone conference held on February 2, 2007, this Court ordered the Government and Ford to confer regarding the CAFC remand. The parties were instructed to attempt to come to a consensus as to which entries "occurred outside the scope of the

investigation - specifically, tenders relating to model years 1992 and 1993." CAFC Decision, 463 F.3d at 1285-86.

Shortly thereafter, the parties advised the Court that they agreed that the minimum LOR[2] for calculating the penalty amount is $5,877,912.64.[3] See Pl.'s Mem. in Supp. of Revised Penalty Calculation in the Amount of $12,522,638.08 ("Pl.'s Mem.") at 1; Def.'s Post-Remand Br. ("Def.'s Mem.") at 4-6. The parties agreed, with one exception, on which duty tenders are in scope, and which are out of scope. See Pl.'s Mem. at 2; Def.'s Mem. at 6.

The only LOR remaining in dispute between the parties relates to Ford's $695,874 duty tender for 4.0 Liter V-6 German engines. See Pl.'s Mem. at 2-3; Def.'s Mem. at 6. The parties both recognize that $313,468.60 of the $695,874 LOR relate to 1992 model year engines, thereby making them out of scope. See Pl.'s Mem. at 3; Def.'s Mem. at 6. The Government, however, argues that the remaining $383,405.40 should be included within LOR calculations. See Pl.'s Mem. at 3; Def.'s Mem. at 6. The disagreement concerns whether the LOR is related solely to 1992 model year engines, or whether it encompasses pre-1992 engines as well. See Pl.'s Mem. at

---

[2] Ford did not reference the $5,877,912.64 amount as being a "minimum." See Def.'s Mem. at 4-6.

[3] The $5,877,912.64 amount includes deductions for both the 1991 Capri and the 1993 Taurus SHO.

2-3; Def.'s Mem. at 6-7.

The issue of the proper application of Ford's $695,874 duty tender has, however, already been considered by this Court. In the Negligence Decision this Court stated that:

> Ford disclosed on May 6, 1993, that it had made lump sum payments to Ford of Germany for 1992 model year 4.0 liter V-6 engines in the amount of $25,782,651. Ford tendered $695,874 in unpaid duties and fees in connection with these payments.

Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1202. Additionally, the CAFC referenced the "V-6 engines for the 1992 model year (payment of $695,874)" while commenting that "the trial court appears to have included tenders related to the 1992 and 1993 model years." CAFC Decision, 463 F.3d at 1282. As both this Court, and the CAFC have referenced the $695,874 duty tender total as applying to the 1992 model year, that entire amount is thus out of the scope of the investigation. As such, the remaining $383,405.40 is not included in the LOR. The total LOR for calculating the penalty amount is thus $5,877,912.64.

**IV. 19 U.S.C. § 1484 Liability**

In Negligence Decision, this Court found "that Ford violated 19 U.S.C. § 1592." Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1213. The CAFC affirmed this Court's decision that Ford negligently violated 19 U.S.C. § 1485 in accordance with 19

U.S.C. § 1592.[4]  <u>CAFC Decision</u>, 463 F.3d at 1279.  The CAFC, however, stated that the penalty must be recalculated to reflect the absence of 19 U.S.C. § 1484 liability and any other adjustments required by their opinion.  <u>CAFC Decision</u>, 463 F.3d at 1286.

For negligent violations of 19 U.S.C. § 1592(a), the maximum penalty is the lesser of the domestic value of the merchandise or twice the loss of duties.  <u>See</u> 19 U.S.C. § 1592(c)(3); 19 C.F.R. § 162.73(a)(3).  The plain language of the statute only sets maximum penalties and does not establish minimum penalties.  <u>See</u> 19 U.S.C. § 1592(c)(3).  The statute does not require the court to begin with the maximum possible penalty and reduce that amount in light of mitigating factors.  <u>See</u> <u>United States v. Modes, Inc.</u>, 17 CIT at 627, 635, 826 F. Supp. 504, 512 (1993).  Furthermore, in its remand, the CAFC clearly ruled that this Court's "decision to impose the maximum penalty was within its discretion."  <u>CAFC Decision</u>, 463 F.3d at 1285.

This Court's Conclusion in <u>Negligence Decision</u> stated:

> Ford negligently violated 19 U.S.C. §§ 1481, 1484, 1485 and 1592 by failing to advise Customs that the transaction values in the entry documents were not final. Ford violated 19 U.S.C. § 1485 by failing to adhere to the requirements of the Reconciliation Agreement of

---

[4] "Statutory negligence under § 1592, unlike common-law negligence, shifts burden of persuasion to the defendant to demonstrate lack of negligence." <u>CAFC Decision</u>, 463 F.3d at 1279 (citing 19 U.S.C. § 1592(e)(4)).

reporting lump sum payments. Negligence Decision, 29 CIT at ___, 395 F. Supp. 2d at 1222. This Court did not declare the § 1484 violation as being the primary basis for imposition of maximum penalties. This Court stated that the degree of harm to Customs, the duration of Ford's violations, and whether Ford made a good faith effort to fulfill its statutory obligations were all clear factors supporting the imposition of maximum penalties. See id. at 1221. Furthermore, as this Court previously found, "[t]he significant public interest in the enforcement of Customs' regulations also weigh in favor of the imposition of a heavy penalty." Id. at 1222. As such, this Court finds that even with the absence of § 1484 liability, Ford's penalty does not warrant mitigation. Consequently, the Court assesses the statutory maximum penalty for negligence pursuant to 19 U.S.C. § 1592(c)(3).

## CONCLUSION

The total LOR for calculating the penalty amount is $5,877,912.64. The Court assesses the statutory maximum penalty for negligence pursuant to 19 U.S.C. § 1592(c)(3). The CAFC has clearly ruled that this Courts "decision to impose the maximum penalty was within its discretion." CAFC Decision, 463 F.3d at 1285. For negligent violations of 19 U.S.C. § 1592(a), the maximum penalty is the lesser of the domestic value of the merchandise or

twice the loss of duties.  See 19 U.S.C. § 1592(c)(3); 19 C.F.R. § 162.73(a)(3).  Pursuant to 19 U.S.C. § 1592, the Court grants judgment for plaintiff and assess a civil penalty against defendant in the amount of $11,755,825.28 (twice the LOR) plus interest from the date of judgment.  Judgment shall be entered accordingly.

                                                /s/ Nicholas Tsoucalas
                                                NICHOLAS TSOUCALAS
                                                  SENIOR JUDGE

Dated: May 7, 2007
       New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
:
UNITED STATES,                       :
                                     :
    Plaintiff,                       :
                                     :   Court No. 02-00116
    v.                               :
                                     :
FORD MOTOR COMPANY,                  :
                                     :
    Defendant.                       :
_____:

### JUDGMENT

    This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

    **ORDERED** that Plaintiff shall recover unpaid duties from Ford in the amount $5,877,912.64 plus all legal interest; and it is further

    **ORDERED** that Plaintiff shall recover against Ford an assessed civil penalty in the amount of $11,755,825.28, plus interest from the date of judgment, for negligent violations of 19 U.S.C. § 1592; and it is further

    **ORDERED** that this case is dismissed.


                                                /s/ Nicholas Tsoucalas
                                                  NICHOLAS TSOUCALAS
                                                         SENIOR JUDGE

Dated:    May 7, 2007
            New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                       Deputy Clerk